USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2-26-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
JOSEPH STRAW,

       **Plaintiff,**

   -against-          1:13-cv-02470-ALC

CAROLYN COLVIN, Acting Commissioner  OPINION AND ORDER
of Social Security

       **Defendant.**
----------------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

  *Pro se* plaintiff Joseph Straw brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), challenging the dismissal of his request for an administrative hearing and denial of his application of benefits by Defendant Commissioner of Social Security (the "Commissioner"). The Commissioner has moved to dismiss for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is GRANTED.

### BACKGROUND

  The following facts are taken from the complaint, Compl., ECF No. 2, the Court's review of the declaration of Patrick Herbst and exhibits thereto filed by the Commissioner, Herbst Decl., ECF No. 18, and the Court's review of prior judicial proceedings.[1]

  On December 10, 2009, an administrative law judge ("ALJ") found that Straw did not meet the requirements for supplemental social security benefits ("SSI") as an adult. Straw v.

---

[1] As discussed below, the Court may consider materials outside the complaint when deciding a motion to dismiss pursuant to Rule 12(b)(1). In addition, "courts may take judicial notice of docket sheets and filings in other cases . . ." Demopoulos v. Anchor Tank Lines, LLC, 117 F. Supp. 3d 499 (S.D.N.Y. 2015) (citing Staehr v. Hartford Fin. Servs. Grp., 547 F.3d 406, 425 (2d Cir. 2008)).

COPIES MAILED

Astrue, No. 11 Civ. 5416 (WHP) (S.D.N.Y), ECF No. 2. On June 21, 2011, the Appeals Council denied Straw's request to review that decision. Id. Through counsel, Straw filed a civil action challenging that determination, and on January 6, 2012, the civil action was remanded to the Appeals Council. Id., ECF No. 11. It was further remanded by the Appeals Council to an ALJ. Herbst Decl., ¶ 5(c).

On June 8, 2012, the Social Security Administration ("SSA") mailed a "Notice of Hearing" to Straw, care of his mother, at 126 West 109th Street, Apt. 2C, New York, NY 10025. Exh. 1 ("Notice of Hearing"), Herbst Decl. The Notice advised Straw that an administrative hearing had been scheduled for August 1, 2012, requested that he return an enclosed acknowledgment form, and informed him, "If you do not come to the hearing and it is not found you have a good reason, your request for hearing may be dismissed." Id.

On July 25, 2012, the SSA mailed a "Notice of Hearing—Important Reminder" to Straw, again care of his mother, at the same address. Exh. 2 ("Notice of Hearing—Reminder"), Herbst Decl. This reminder again advised Straw that his request for a hearing could be dismissed if he failed to appear and did not provide a good reason for such failure. The notice also explained, "If the ALJ dismisses your request for hearing, the prior decision will become the final decision of the Commissioner on your application." Id.

Straw did not appear at his hearing on August 1, 2012. Herbst Decl., ¶ 5(c); Exh. 3, Herbst Decl. ("Notice of Dismissal"). That same day, the ALJ issued a decision dismissing Straw's request for a hearing. Id. Straw then requested review by the Appeals Council, and on February 7, 2013, the Appeals Council denied the request for review. Compl., ¶ 8; Exh. 4, Herbst Decl. ("Appeals Council Notice").

Straw commenced this action seeking federal district court review on April 11, 2013. Compl. Appended to his complaint was a letter from Straw purporting to give his mother, Patricia Straw, authority to act on his behalf. Id. On June 27, 2013, and again on July 30, 2013, the Court held status conferences in the matter, at which Straw did not appear. On July 31, 2013, the Court issued an Order to Show Cause, directing Straw to show cause as to why his claim should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Order to Show Cause, ECF No. 10. On August 20, 2013, the Court received a letter from Straw's mother, indicating that he was incapacitated and had been hospitalized, and therefore was "unable to adhere to court procedures." P. Straw Ltr. ECF No. 11.

Thereafter, the Court set a briefing schedule, requiring the Commissioner to file an anticipated motion to dismiss by October 21, 2013, and Straw to respond by December 3, 2013. On December 3, 2013, the Court received a second letter from Straw's mother, informing the Court that Straw was unable to respond because the Commissioner had not yet filed its motion. P. Straw Ltr., ECF No. 13. The Court then ordered the Commissioner to file a motion by January 15, 2014. Order, ECF No. 14. On January 15, 2014, the Commissioner filed a motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). ECF No. 17. The Commissioner served the motion and supporting documents on Straw by mail that same day. Cert. Service, ECF No. 19.

Straw's mother filed an affirmation on March 3, 2014, describing her son's physical and mental medical problems. P. Straw Aff., ECF No. 20. She filed a second affirmation on September 19, 2014, stating that her son was incarcerated and continuing to struggle with mental health problems. P. Staw Aff., ECF No. 21. But neither Straw nor his mother filed any pleadings addressing the arguments raised by the Commissioner in the Rule 12(b)(1) motion. On January 7,

2016, the Court entered an Order notifying Straw that if he did not submit a response within 45 days of the Order, by February 22, 2016, the Court would decide the motion on the merits, without Straw's response. Order, ECF No. 22. On February 22, 2016, Straw's mother filed a third affirmation, swearing that Straw continues to have mental health issues and is not receiving necessary medical services and attaching as exhibits various medical records. P. Straw Aff., ECF No. 23. As with the previous affirmations, this affirmation, though titled Affirmation in Opposition to Motion, did not address the question of jurisdiction raised by the Commissioner. The Court now considers the Commissioner's motion on the merits.

## LEGAL STANDARD

### I.   Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). When considering a motion to dismiss for lack of subject matter jurisdiction, the court must accept as true all factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff. Id. However, unlike with a Rule 12(b)(6) motion, when considering a Rule 12(b)(1) motion, "a district court . . . may refer to evidence outside the pleadings." Makarova, 201 F.3d at 113 (citing Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)); see also Guerra v. Comm'r of Soc. Sec., No. 12 Civ. 6750 (CS) (PED), 2013 WL 3481284, at *2 (S.D.N.Y. July 1, 2013) ("District courts may refer to evidence outside the pleadings, such as the evidence submitted by the Commissioner with the instant motion, when resolving a motion to dismiss for lack of subject matter jurisdiction") (internal quotation marks omitted). A plaintiff asserting subject matter jurisdiction

has the burden of proving by a preponderance of the evidence that it exists. Makarova, 201 F.3d at 113.

"[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000). Therefore, a plaintiff's failure to oppose a motion to dismiss does not warrant automatic dismissal; instead, the Court must review the record and determine whether there is sufficient support for granting the motion. See Kinlaw v. Walsh, 10 Civ. 07539 (RMB) (JLC), 2012 WL 2548437, at *1 (S.D.N.Y. June 29, 2012); see also Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004) (internal citation and quotation marks omitted) ("[C]ourts, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law"). Where a plaintiff is proceeding *pro se*, the court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that [it] suggest[s]." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal citation and quotation marks omitted). Even so, the Court "cannot invent factual allegations that [the plaintiff] has not pled." Id.

## II.   42 U.S.C. § 405

A district court has jurisdiction to review a Social Security determination only after the claimant has exhausted his administrative remedies and a final decision has been issued by the Commissioner of Social Security. The relevant statute provides:

> "[a]ny individual, *after any final decision* of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

42 U.S.C. § 405(g) (emphasis added). This is the exclusive means of judicial review of findings and decisions of the Commissioner. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

For a decision to be "final" for the purposes of Section 405(g), a claimant must exhaust a four-step administrative review process: (1) an initial determination, in which the SSA decides whether to grant benefits; (2) reconsideration, if the claimant wishes to contest the initial determination; (3) a hearing before an ALJ; and (4) Appeals Council review, if the claimant wishes to contest the ALJ's decision. 20 C.F.R. § 404.900(a); see also Steadman v. Colvin, No. 14 Civ. 7495 (VEC) (DCF), 2015 WL 4393022, at *4 (S.D.N.Y. July 14, 2015); Maloney v. Soc. Sec. Admin., No. 02 Civ. 1725 (JFB) (SMG), 2006 WL 1720399, at *5 (E.D.N.Y. June 19, 2006), aff'd, 517 F.3d 70 (2d Cir. 2008).

As to the third step, "[t]he Second Circuit interprets Section 405(g) to grant jurisdiction to review an SSA decision only if that decision follows an actual hearing on the merits." Moses v. Colvin, No. 13 Civ. 2041 (LGS) (JCF), 2013 WL 5663071, at *2 (S.D.N.Y. Oct. 17, 2013) (citing Dietsch v. Schweiker, 700 F.2d 865, 867 (2d Cir. 1983)), adopted sub nom. Moses v. Comm'r of Soc. Sec., No. 13 Civ. 2041 (LGS), 2013 WL 6049096 (S.D.N.Y. Nov. 15, 2013). Therefore, if a request for a hearing is dismissed because the claimant failed to attend the hearing without a showing of good cause for his absence, "the initial disability determination made by the SSA becomes a binding decision, but it is not considered a 'final decision' pursuant to 42 U.S.C. § 405(g), such that it may be challenged in district court." Steadman, 2015 WL 4393022, at *4; see also Guerra, 2013 WL 3481284, at *2 ("Dismissal for failure to appear at the

hearing does not constitute a final decision on the merits and consequently cannot be reviewed under 42 U.S.C. § 405(g).")

There are two exceptions to the administrative exhaustion requirement. First, the Commissioner or the Court may waive the requirement "when the following circumstances are present: (1) the claim is collateral to a demand for benefits; (2) the exhaustion of remedies would be futile; and (3) plaintiffs would suffer irreparable harm if required to exhaust administrative remedies." Maloney, 2006 WL 1720399, at *5 (citing Pavano v. Shalala, 95 F.3d 147, 150 (2d Cir. 1996)). In a closely related exception, a federal court has subject matter jurisdiction over the claim, regardless of failure to attend a hearing, if a plaintiff has raised a "colorable constitutional claim" relating to an agency decision. Califano v. Sanders, 430 U.S. 99, 109 (1977).

## DISCUSSION

The Commissioner argues that because Straw failed to appear at his scheduled ALJ hearing to contest the SSA's denial of his SSI benefits, Straw failed to exhaust his administrative remedies and this Court lacks subject matter jurisdiction to review Straw's claim. The Court must agree with this analysis.

This court has subject matter jurisdiction only over a "final decision" of the Commissioner. 42 U.S.C. § 405(g). A decision is not final unless there has been an actual hearing on the merits before an ALJ. See Moses, 2013 WL 5663071, at *2. Straw did not have such a hearing. The Commissioner has provided evidence that Straw received notice of his hearing and that he failed to appear at it. See Notice of Hearing; Notice of Hearing—Reminder; Notice of Dismissal; Herbst Decl., ¶ 5(c). Even construing Straw's *pro se* pleadings liberally, there is no suggestion that he did not receive notice of the hearings or that he did in fact appear at the hearing. In fact, the evidence in front of the Court suggests that Straw did receive the ALJ's

decision, and later the Appeals Council Notice, which were both directed to the same address to which the Notices of Hearing were sent.

An ALJ may dismiss a claimant's request for a hearing if neither the claimant nor the person the claimant has designated to act as his representative appears at the time and place set for the hearing, and the claimant has been notified before the time set for the hearing that the request for a hearing may be dismissed without further notice if the claimant does not appear, and good cause has not been found by the ALJ for the claimant's failure to appear. 20 C.F.R. § 416.1457(b)(1). Here, Straw received such notice prior to the time set for his hearing, and the ALJ determined, based in part on Straw's failure to provide treatment records and to appear at scheduled consultative examinations, there was "no good cause for the claimant's failure to appear at the time and place of hearing." Notice of Dismissal.

Because there was no hearing, this Court does not have jurisdiction over Straw's claim.[2] But after the filing of this civil action, the Appeals Council further considered Straw's case and "was of the opinion that Plaintiff had 'good cause' for not appearing at the scheduled hearing." Herbst Decl., ¶ 5(d). Therefore, the SSA has indicated that it will provide Straw with an opportunity for a hearing before an ALJ upon dismissal of this civil action. If Straw appears at such a hearing, receives an adverse decision, and completes the Appeals Council review process, he will have exhausted the administrative procedure. At that point, a district court would have jurisdiction if Straw wished to challenge the "final decision." Before judicial review may take place, though, "[t]he SSA should be allowed this opportunity to correct its own errors and compile a record which is adequate for judicial review." Moses, 2013 WL 5663071, at *4 (quoting Weinberger v. Salfi, 422 U.S. 749, 765 (1975)) (internal quotation marks omitted).

---

[2] There is no suggestion from his pleadings that Straw raises any constitutional claim, or that he meets the requirements for waiver of the exhaustion requirement. See Maloney, 2006 WL 1720399, at *6.

## CONCLUSION

For the reasons set forth above, the Commissioner's motion is granted and the case is dismissed. The Clerk of Court is directed to mail a copy of this order to the *pro se* Plaintiff and close this case.

**SO ORDERED.**

Dated: February 26, 2016

New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**